## IN THE UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MATTHEW L. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHH MORTGAGE CORPORATION, )<br>d/b/a PHH MORTAGE SERVICES )<br>)<br>and )<br>)<br>ALTISOURCE SOLUTIONS, INC. )<br>)<br>Defendants. ) | Case No. 4:20-cv-1212-NAB |

### DEFENDANT ALTISOURCE SOLUTIONS, INC.'S
### ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant Altisource Solutions, Inc. (hereinafter "Altisource"), and for its Answer and Affirmative Defenses to Plaintiff Matthew Johnson's Petition, states as follows:

### ALLEGATIONS COMMON AS TO ALL COUNTS

1. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

2. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

3. Altisource admits the statements in this paragraph.

4. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

5. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

6. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

7. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

8. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

9. Altisource admits that Exhibit 1 appears to be a copy of a notice dated May 15, 2019 and states that the notice speaks for itself. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

10. Altisource admits that Exhibit 2 appears to be a letter and that the letter speaks for itself. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

11. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

12. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

13. Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

**VIOLATIONS OF MISSOURI MERCHANDISING PRACTICES ACT**

14. Altisource incorporates and re-alleges its responses to all of the preceding paragraphs to Plaintiff's Petition as if fully set forth herein.

15. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

16. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

17. This Paragraph contains legal conclusions to which no response is required. Further Altisource is without knowledge or information sufficient to admit or deny the allegations contained in this Paragraph and therefore denies same.

18. This Paragraph, including all subparts, contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource, including all sub-parts. Further, Altisource denies that it is responsible for any property damage sustained, denies that Plaintiff is entitled to any relief against Altisource, and denies all allegations of violating Missouri Merchandising Practices Act, deception, fraud, false pretense false promises, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce, or other liability and demands strict proof thereof.

19. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource. Further, Altisource denies that it is responsible for any property damage sustained, denies that Plaintiff is entitled to any relief against Altisource, and denies all allegations of violating Missouri Merchandising Practices Act, deception, fraud, false pretense false promises, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce, or other liability and demands strict proof thereof.

20. This Paragraph is not directed at Altisource and so no response is required. To the extent a response is required, Altisource denies the allegations to the extent that they pertain to Altisource.

21. This Paragraph is not directed at Altisource and so no response is required. To the extent a response is required, Altisource denies the allegations to the extent that they pertain to Altisource.

22. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

WHEREFORE, having fully answered Count I, Altisource Solutions, Inc. prays this Court enter judgment dismissing it from this matter with prejudice, and for such further relief as the Court deems just and appropriate under the circumstances.

## **COUNT II – TRESPASS**

23. Altisource incorporates and re-alleges its responses to all of the preceding paragraphs to Plaintiff's Petition as if fully set forth herein.

24. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

25. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

26. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

27. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

28. This Paragraph contains legal conclusions to which no response is required. Altisource denies the allegations to the extent that they pertain to Altisource.

WHEREFORE, having fully answered Count II and Plaintiff's Petition in its entirety, Altisource Solutions Inc. prays that this Court enter judgment in its favor and against Plaintiff,

further awarding any relief to Altisource which this Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

Each and every allegation of the Petition not expressly admitted is hereby denied. While Altisource denies the allegations pled by Plaintiff, Altisource raises the following additional defenses. Inclusion of these defenses is not intended to shift the burdens of proof or persuasion imposed by law. Moreover, inclusion of the defenses shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's, claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

## FIRST AFFIRMATIVE DEFENSE

The Petition and each Count therein fails to a state claim against Altisource upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

For further answer and as an affirmative defense, if Plaintiff has been damaged, which Altisource denies, the negligence/fault of Plaintiff constitutes the sole, intervening, and superseding cause of Plaintiff's alleged damages.

## THIRD AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any action on the part of Altisource was not the proximate and/or legal cause of such alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

There is no proximate causation between any alleged action, omission, breach or failure on the part of Altisource and Plaintiff's alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Altisource adopts and incorporates the affirmative defenses of any co-defendant in this case to the extent that said defenses do not conflict with Altisource's defenses.

### SEVENTH AFFIRMATIVE DEFENSE

Altisource is entitled to a set off of all sums of money received by Plaintiff through judgment, settlement, or otherwise from any other party or non-party to this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or any right to recover limited, by his failure to mitigate damages, if any.

### NINTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Petition are impermissibly remote and speculative, and therefore, Plaintiff is barred from the recovery of any such alleged damages.

### TENTH TWELFTH AFFIRMATIVE DEFENSE

Altisource has the right to assert additional defenses as discovery proceeds.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event Altisource is held liable to Plaintiff, which liability is expressly denied, and any other non-parties or subsequently-added parties are also held liable, Altisource is entitled to a percentage contribution of the total liability from said co-defendants or non-parties in accordance with principles of equitable indemnity and comparative contribution and pursuant to any applicable contribution or apportionment statute, law or policy of the applicable states.

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to R.S.Mo. § 537.067, any defendant whose fault is determined by the trier of fact to be less than 51% of the total fault attributable to Plaintiff, co-defendant, and any third-party defendants who could have been sued by Plaintiff, shall only be severally and not jointly liable.  If

Plaintiff sustained damages as a result of failure of any of Altisource's acts or omissions, as Plaintiff alleges in the Petition, and which Altisource continues to deny, the amount of fault attributable to Altisource is less than 51% of the total fault, and thus, subject to the provisions of R.S.Mo. § 537.067, rendering Altisource only severally liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Altisource states that the term "unfair practice," as used under the Missouri Merchandising Practices Act, R.S.Mo. § 407.020.1 and as further defined within 15 C.S.R. 60-8, is unconstitutionally void for vagueness in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution and that therefore R.S.Mo. § 407.020.1 cannot be enforced against Altisource

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought because he does not have standing to bring a trespass claim. Plaintiff did not have actual or constructive possession of the property at issue at the time of the incident alleged in the Complaint and did not have a right to possession of the leased property at the time of the incident alleged in the Complaint.

Respectfully Submitted,

By: /s/ Alejandro P. Frank
Tracy J. Cowan, #40229
Alejandro P. Frank, #68077
100 S. 4th Street, Suite 500
St. Louis, Missouri 63102
(314) 685-8346 – Phone
(314) 685-8347 – Facsimile
Tracy.Cowan@lewisbrisbois.com
Alejandro.Frank@lewisbrisbois.com

Attorneys for Defendant Altisource Solutions, Inc.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was sent to all counsel of record via Missouri e-Filing System on the 6th day of October 2020.

                                                /s/  Alejandro P. Frank